Miami County Common Pleas Court
09/29/2023 11:09 AM
Shawn M. Peeples
Clerk of Courts

# IN THE COMMON PLEAS COURT OF MIAMI COUNTY, OHIO
## CIVIL DIVISION

| | |
|---|---|
| **JOHN DOE and JANE DOE**, as parents and legal guardians of **MALE CHILD DOE**, PO Box 750096 Dayton, Ohio 45475 | : : : **Case No.** : **Judge** |
| **Plaintiffs,** | : |
| v. | : |
| **BOARD OF EDUCATION OF THE MILTON-UNION EXEMPTED VILLAGE SCHOOL DISTRICT** 7610 Milton Potsdam Road West Milton, Ohio 45383, | : : **COMPLAINT; JURY DEMAND ENDORSED HEREON** : : |
| and | : |
| **DR. BRAD RITCHEY**, in his capacity as Superintendent of Milton-Union Exempted Village Schools, 7610 Milton Potsdam Road West Milton, Ohio 45383, | : : : |
| and | : |
| **DR. BRAD RITCHEY, Individually,** 260 Wagner Road West Milton, Ohio 45383, | : : |
| and | : |
| | : |
| | : |

| | |
|---|---|
| **JERRY NORTH,**<br>**7145 S Kessler Frederick Rd**<br>**West Milton, OH 45383-8786,**<br><br>**and**<br><br>**JOHN DOE and JANE DOE, employees of**<br>**Milton-Union Exempted Village School**<br>**District**<br>**Unknown**<br>**Unknown**<br><br>    **Defendants.** | :<br><br>:<br><br>:<br><br>:<br><br>:<br><br>:<br><br>: |

  Now come the Plaintiffs, John Doe and Jane Doe, on behalf of their minor child Doe, and for their Complaint against the Defendants, state as follows:

## PARTIES AND JURISDICTION

1. Plaintiffs are residents of Miami County, Ohio.

2. Plaintiffs are the parents and legal guardians of Plaintiff Male Child Doe, and bring this action on his behalf, pursuant to Civ. R. 17(B).

3. Defendant, Board of Education of Milton-Union Exempted Village School District (hereinafter, the "District") is a political subdivision, as that term is defined in R.C. § 2744.01(F).

4. Defendant Dr. Brad Ritchey (hereinafter, "Dr. Ritchey") is an individual, residing at 260 Wagner Road, West Milton, Ohio 45383 in Miami County, Ohio.

5. Dr. Ritchey is the superintendent of Milton-Union Exempted Village Schools.

6. Jerry North is an individual, residing at 7145 S Kessler Frederick Rd, West Milton, OH 45383 in Miami County, Ohio.

7. Jurisdiction is proper in this Court.

8. Venue is proper in this Court pursuant to Civ. R. 3(C)(1), (3), (4) and/or (6).

## **FACTS**

9. Plaintiffs restate each and every allegation contained in the preceding paragraphs as if fully restated herein.

10. At all times relevant herein, Male Child Doe attended Milton-Union Elementary School, located at 7640 Milton-Potsdam Rd, West Milton, OH 45383.

11. At all times relevant herein, Dr. Ritchey was an employee of the District and required to report any instances of known or suspected child abuse, pursuant to R.C. § 2151.421(A).

12. At all times relevant herein, all employees of the District were required to report any instances of known or suspected child abuse, pursuant to R.C. § 2151.421(A).

13. From June 19, 2017 through April 24, 2023, Defendant North was a custodian at Milton-Union Elementary School and an employee of the District.

14. Beginning on or about August 1, 2019, Defendant North began to follow Male Child Doe into the boy's restroom at Milton-Union Elementary School and give him candy.

15. Plaintiffs John Doe and Jane Doe noticed that Male Child Doe was arriving home with candy and inquired as to who gave it to him.

16. Male Child Doe stated that he received the candy from Defendant North, who would follow Male Child Doe into the restroom, stare at him and refuse to give him privacy as he went to the bathroom.

17. Male Child Doe reported that Defendant North made him "extremely uncomfortable."

18. Plaintiff Jane Doe complained to several employees of the District about Defendant North following her son into the boy's restroom, staring at him, giving him candy and refusing to give him privacy as he went to the bathroom.

19. None of the District employees that were made aware of Defendant North's conduct acted to investigate or correct Defendant North's behavior.

20. Plaintiffs John Doe and Jane Doe contacted Dr. Ritchey and informed him that Defendant North was following Male Child Doe into the boy's restroom, refusing to give him privacy and giving him candy.

21. Dr. Ritchey responded to Plaintiffs' complaints by suggesting that Male Child Doe, who was seven years old at the time, use the boys restroom on the opposite end of the school or "hold it" until Male Child Doe got home.

22. Dr. Ritchey also accused Plaintiffs John Doe and Jane Doe of profiling Defendant North for being gay.

23. Dr. Ritchey failed to properly investigate Defendant North's conduct in accordance with 20 U.S.C.S. § 1681, or report Defendant North to the proper authorities in accordance with R.C. § 2151.421.

24. On May 3, 2023, Defendant North was indicted in Miami County Common Pleas Case No. 23CR179 for sexually assaulting Male Child Doe countless times in the boy's restroom of Milton-Union Elementary School.

25. The assaults occurred between August 1, 2019 and May 31, 2021.

26. After each assault, Defendant North would threaten Male Child Doe, stating that "I will do this to you more often and it will be worse if you tell anyone." Defendant North would also give Male Child Doe a piece of candy to ensure that he would not tell anyone about the assaults.

27. Between August 1, 2019 and May 31, 2021, Male Child Doe reported the assaults to employees of the District, who failed to properly investigate Defendant North's conduct in accordance with 20 U.S.C.S. § 1681, or report Defendant North to the proper authorities in accordance with R.C. § 2151.421.

## COUNT I
## R.C. § 2151.421 – NEGLIGENCE PER SE AGAINST DR. BRAD RITCHEY IN HIS CAPACITY AS SUPERINTENDENT OF THE DISTRICT

28. Plaintiffs restate each and every allegation contained in the preceding paragraphs as if fully restated herein.

29. At all times relevant herein, Male Child Doe was a student at Milton-Union Elementary School.

30. At all times relevant herein, Dr. Ritchey was the superintendent and an employee of the District.

31. At all times relevant herein, Dr. Ritchey owed a duty to Male Child Doe to report known or suspected instances of child neglect or abuse to the proper authorities, pursuant to R.C. § 2151.421(A).

32. At all times relevant herein, Male Child Doe was a member of the class of individuals that R.C. 2151.421 was designed to protect.

33. Between August 1, 2019 and May 31, 2021, Dr. Ritchey received information from Plaintiffs John Doe, Jane Doe and Male Child Doe that Defendant North was abusing Male Child Doe.

34. Dr. Ritchey breached his duty to Male Child Doe by failing to report the information that he received about the abuse of Male Child Doe to the proper authorities, in accordance with R.C. § 2151.421.

35. Dr. Ritchey's breach of his duty to Male Child Doe constitutes negligence per se.

36. As a direct and proximate result of Dr. Ritchey's negligence, Male Child Doe sustained damages in excess of $25,000.00, the exact amount to be proven at trial.

## COUNT II
## R.C. § 2151.421 – RESPONDEAT SUPERIOR

37. Plaintiffs restate each and every allegation contained in the preceding paragraphs as if fully restated herein.

38. R.C. 2151.421(M) expressly imposes civil liability upon any person who violates the provisions contained therein.

39. The District is ostensibly liable, vicariously liable and/or liable under the theory of respondeat superior, actual or apparent agency and/or agency by estoppel for any and all acts and/or omissions of their agents, ostensible agents, servants or employees, including but not limited to, Dr. Ritchey, who was acting within the scope and course of his employment at all times described herein.

40. As a direct and proximate result of the District's negligence, Male Child Doe sustained damages in excess of $25,000.00, the exact amount to be proven at trial.

## COUNT III
## SEXUAL BATTERY

41. Plaintiffs restate each and every allegation contained in the preceding paragraphs as if fully restated herein.

42. Between August 1, 2019 and May 31, 2021, Defendant North created harmful physical contact with Male Child Doe by, among other things, forcing Male Child Doe to perform oral sex on Defendant North.

43. Defendant North intentionally created the aforementioned harmful contact with Male Child Doe with the specific purpose of causing harm to Male Child Doe.

44. As a direct and proximate result of the harmful contact initiated by Defendant North, Male Child Doe has sustained damages in an amount in excess of $25,000.00, the exact amount to be proven at trial.

## COUNT IV
## CRIMINAL ACT – R.C. § 2307.60

45. Plaintiffs restate each and every allegation contained in the preceding paragraphs as if fully restated herein.

46. Between August 1, 2019 and May 31, 2021, Defendant North engaged in a criminal act against Male Child Doe by, among other things, forcing Male Child Doe to perform oral sex on Defendant North.

47. Defendant North is civilly liable for the criminal acts that he committed, pursuant to R.C. § 2307.60.

48. As a result of the foregoing criminal acts, Male Child Doe has suffered economic and non-economic damages in excess of $25,000.00, the exact amount to be proven at trial.

49. Defendant North's aforementioned criminal acts were willful and intentional, so as to justify the award of punitive damages and reasonable attorney's fees, the exact amount to be proven at trial.

## COUNT V
## VIOLATION OF TITLE IX (20 U.S.C.S. § 1681)

50. Plaintiffs restate each and every allegation contained in the preceding paragraphs as if fully restated herein.

51. At all times relevant herein, the District was a recipient of federal funds and required to comply with 20 U.S.C.S. § 1681, et. seq., more commonly known as "Title IX."

52. At all times relevant herein, Dr. Ritchey and all other employees of the District were required to comply with Title IX.

53. Title IX prohibits the District and its employees from discriminating on the basis of sex, including, among other things, engaging in conduct consistent with sexual harassment and/or sexual abuse.

54. Title IX requires schools to promptly investigate complaints of sexual harassment and/or sexual abuse and to take interim measures to ensure that its students are not subjected to a hostile educational environment.

55. At all times relevant herein, the District and/or Dr. Ritchey were in control and possession of Milton-Union Elementary School and were fully responsible for the hiring and supervision of the employees and teachers working therein.

56. Dr. Ritchey, as Superintendent of the District for all times relevant to this Complaint, was an appropriate official of the school district who, at a minimum, had the authority and

responsibility to create and maintain a safe and non-discriminatory environment and institute corrective measures on behalf of Male Child Doe.

57. Between August 1, 2019 and May 31, 2021, Defendant North violated Title IX by, among other things, sexually harassing and abusing Male Child Doe.

58. Defendant North's sexual harassment and abuse of Male Child Doe was so severe, pervasive and objectively offensive that Male Child Doe was deprived of his constitutional right to a safe learning environment, free from harassment, and the education opportunities or benefits provided by the school.

59. Dr. Ritchey had, or should have had, actual knowledge of Defendant North's sexual harassment and abuse of Male Child Doe and his actions or failures to act amount to deliberate indifference.

60. Dr. Ritchey and other unidentified employees of the District violated Title IX by, among other things, vicariously causing and allowing Male Child Doe to be sexually assaulted, inappropriately touched, and otherwise abused by Defendant North, a District employee, working on their behalf, and otherwise hired, retained, supervised, and approved by these Defendants.

61. The District is ostensibly liable, vicariously liable and/or liable under the theory of respondeat superior, actual or apparent agency and/or agency by estoppel for any and all acts and/or omissions of their agents, ostensible agents, servants or employees, including but not limited to, Dr. Ritchey and its other unidentified employees, who were acting within the scope and course of their employment at all times described herein.

62. As a direct and proximate result of the District's failure to comply with Title IX, Male Child Doe has sustained damages in an amount in excess of $25,000.00, the exact amount to be proven at trial.

## COUNT VI
## NEGLIGENT SUPERVISION

63. Plaintiffs restate each and every allegation contained in the preceding paragraphs as if fully restated herein.

64. At all times relevant herein, Dr. Ritchey owed a duty to Male Child Doe to supervise and monitor the activities of Defendant North, an employee of the District.

65. At all times relevant herein, Defendant North performed his duties as an employee of the District in a negligent, reckless, dangerous manner and with reckless disregard to the safety, wellbeing and rights of Male Child Doe.

66. Dr. Ritchey, based upon the conduct set forth above, was negligent in supervising and monitoring the activities of Defendant North even after allegations of inappropriate sexual behaviors were made by concerned parents, including Plaintiffs John Doe and Jane Doe.

67. As a direct and proximate result of Dr. Ritchey's negligent supervision of Defendant North, Male Child Doe has sustained damages in an amount in excess of $25,000.00, the exact amount to be proven at trial.

## COUNT VII
## VIOLATION 42 U.S.C.S. §1983

68. Plaintiffs restate each and every allegation contained in the preceding paragraphs as if fully restated herein.

69. Plaintiffs bring this claim for relief against the District, and against Defendants North and Dr. Ritchey, in their official and individual capacities, under 42 U.S.C. §1983. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331.

70. Under the Fourteenth Amendment, Male Child Doe had the right as a public school student to personal security and bodily integrity and Equal Protection of Laws.

71. At all times relevant herein, Dr. Ritchey and Defendant North were both state actors acting under the color of state law.

72. Dr. Ritchey and the District subjected Male Child Doe to violations of his right to personal security and bodily integrity and Equal Protection of Laws by: (i) failing to investigate Defendant North's misconduct; (ii) failing to appropriately discipline Defendant North; (iii) failing to adequately train and supervise Defendant North; and (iv) manifesting deliberate indifference to the sexual assault and ongoing harassment of Male Child Doe.

73. The District has and/or had unconstitutional customs or policies of (i) failing to investigate evidence of criminal and tortious misconduct against District students in the nature of violations of their right to personal security and bodily integrity and (ii) failing to adequately train and supervise District employees with regard to maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity, and Equal Protection of the Laws.

74. Upon information and belief, the District has followed these unconstitutional customs and policies not only with regard to Male Child Doe, but also with regard to criminal and tortious misconduct committed against other District students.

75. The policies and practices of the District reflect a deliberate indifference to the safety and well-being of Male Child Doe.

76. Dr. Ritchey was, at the time of events complained of within, a policymaker for the purpose of implementing the District's unconstitutional policies or customs.

77. As a direct result of the policies and practices of Defendants, the constitutional rights of Male Child Doe have been violated, including, but not limited to, the rights of Male Child Doe under the Due Process Clause of the Fourteenth Amendment, which protects against unjustified intrusions on personal security.

78. As a direct and proximate result of the Defendants' acts or failures to act, Male Child Doe sustained damages in excess of $25,000.00, the exact amount to be proven at trial.

## COUNT VIII
## R.C. § 2151.421 – NEGLIGENCE PER SE AGAINST DR. BRAD RITCHEY, INDIVIDUALLY

79. Plaintiffs restate each and every allegation contained in the preceding paragraphs as if fully restated herein.

80. At all times relevant herein, Male Child Doe was a student at Milton-Union Elementary School.

81. At all times relevant herein, Dr. Ritchey owed a duty to Male Child Doe to report known or suspected instances of child neglect or abuse to the proper authorities, pursuant to R.C. § 2151.421(A).

82. At all times relevant herein, Male Child Doe was a member of the class of individuals that R.C. § 2151.421 was designed to protect.

83. Between August 1, 2019 and May 31, 2021, Dr. Ritchey received information from Plaintiffs John Doe, Jane Doe and Male Child Doe that Defendant North was abusing Male Child Doe.

84. Dr. Ritchey breached his duty to Male Child Doe by failing to report the information that he received about the abuse of Male Child Doe to the proper authorities, in accordance with R.C. § 2151.421.

85. Dr. Ritchey's breach of his duty to Male Child Doe constitutes negligence per se.

86. As a direct and proximate result of Dr. Ritchey's negligence, Male Child Doe sustained damages in excess of $25,000.00, the exact amount to be proven at trial.

**WHEREFORE**, Plaintiffs John Doe, Jane Doe and Male Child Doe demand judgment against Defendants Board of Education of Milton-Union Exempted Village School District, Dr. Brad Ritchey and Jerry North, as follows:

A. for Count I, negligence per se against Dr. Brad Ritchey in his capacity as superintendent of the District, compensatory damages in an amount in excess of $25,000.00, the exact

amounts to be determined at trial; plus exemplary damages in an amount to be determined at a proper hearing;

B. for Count II, respondeat superior against the District, compensatory damages in an amount in excess of $25,000.00, the exact amounts to be determined at trial; plus exemplary damages in an amount to be determined at a proper hearing;

C. For Count III, sexual battery against Jerry North, compensatory damages in an amount in excess of $25,000.00, the exact amounts to be determined at trial; plus exemplary damages in an amount to be determined at a proper hearing;

D. For Count IV, criminal acts against Jerry North, compensatory damages in an amount in excess of $25,000.00, the exact amounts to be determined at trial; plus exemplary damages in an amount to be determined at a proper hearing;

E. For Count V, violation of Title IX against the District, Jerry North and Dr. Ritchey, jointly and severally, compensatory damages in an amount in excess of $25,000.00, the exact amounts to be determined at trial;

F. For Count VI, negligent supervision against Dr. Ritchey, compensatory damages in amounts in excess of $25,000.00, the exact amounts to be determined at trial;

G. For Count VII, violation of 42 U.S.C.S. §1983 against the District, Jerry North and Dr. Ritchey, jointly and severally, compensatory damages in amounts in excess of $25,000.00, the exact amounts to be determined at trial;

H. For Count VIII, negligence per se against Dr. Ritchey, individually, compensatory damages in an amount in excess of $25,000.00, the exact amounts to be determined at trial; plus exemplary damages in an amount to be determined at a proper hearing;

I. for all counts, an award of attorney's fees in an amount to be demonstrated at a proper hearing;

J. for all counts, an award of court costs and other costs as permitted by law;

K. for all counts, any other relief in law or equity that this Court may deem just and proper.

Respectfully Submitted,

*/s/: John H. Stachler*
John H. Stachler (#0064130)
Matthew T. Tipton (#0088307)
Adam M. Pitchel (#0097982)
STACHLERHARMON
7810 McEwen Road, Suite B
Dayton, OH 45459
Phone: 937.461.5901
Fax: 937.461.5981
john@stachlerharmon.com
matt@stachlerharmon.com
adam@stachlerharmon.com
*Attorneys for Plaintiffs John Doe and Jane Doe, on behalf of their minor child, Male Child Doe*

## JURY DEMAND

Plaintiffs John Doe and Jane Doe, on behalf of their minor child, Male Child Doe, hereby demand a trial by jury in the above-captioned matter on all issues legally capable of being submitted to a jury.

*/s/: John H. Stachler*
John H. Stachler (#0064130)
Matthew T. Tipton (#0088307)
Adam M. Pitchel (#0097983)
*Attorneys for Plaintiffs John Doe and Jane Doe, on behalf of their minor child, Male Child Doe*