IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| JOHN DOE, *et al.*, | : | Case No. 3:23-cv-00330 |
| Plaintiffs, | : : | District Judge Thomas M. Rose |
| vs. | : : | Magistrate Judge Caroline H. Gentry |
| BOARD OF EDUC. OF MILTON-UNION EXEMPTED VILL. SCH. DIST., *et al.*, | : : : : | |
| Defendants. | : : | |

## DECISION AND ORDER

This action arises from allegations that Defendant Jerry North sexually abused Plaintiff Male Child Doe. (Complaint, Doc. No. 3.) Defendant North was indicted by a grand jury in Miami County, Ohio and is currently awaiting trial in the Miami County Court of Common Pleas. *See State v. North*, 23-CR-00179 (Miami Cty. Ct. C.P. 2023). While that matter was pending, Plaintiffs filed the instant civil case in the same court, asserting claims under both state and federal law. (Doc. No. 3.) Defendants timely removed on the basis of federal-question jurisdiction. (Notice of Removal, Doc. No. 1.)

At the time of removal, a Motion to Stay (Doc. No. 1-9) filed by Defendant North was pending before the Miami County Court of Common Pleas. This Court "takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court." *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir.

1

1963). Plaintiffs have now filed a Response in Opposition to the Motion to Stay (Doc. No. 5.) Accordingly, Defendant North's Motion to Stay is now ripe for a ruling.

For the reasons set forth below, the Court finds the Motion well-taken and orders that this case be stayed pending resolution of the related state-court criminal proceedings.

**I.      LAW AND ANALYSIS**

Defendant North seeks a stay of this matter on two grounds. First, he argues that continued proceedings in this civil case "would interfere with [D]efendant North's constitutional and procedural rights" in his state-court criminal case. (Doc. No. 1-9, PageID 32.) Second, he notes that his answer to Plaintiffs' Complaint "must include all mandatory counter-claims pursuant to Civ. R. 13[1] and join all necessary parties" and argues that "the disposition of the criminal case is a necessary prerequisite to the filing of the anticipated counter-claims as well as joinder of all parties responsible for making the allegations against [him]." (*Id*. at PageID 34.)

Plaintiffs respond that "a pending criminal matter does not require the Court to stay a related civil case." (Response in Opposition, Doc. No. 5, PageID 57.) They argue that these proceedings will not violate Defendant North's Fifth Amendment privilege because he "has not been served with any discovery, nor has he been asked to testify regarding the truth of the allegations in Plaintiff's Complaint. In other words, he has not been asked to provide anything of a testimonial or communicative nature by anyone in this case." (*Id*. at PageID 58 (citing to *Tedeschi v. Grover*, 39 Ohio App. 3d 109, 111

---

[1] Defendant North presumably cites to Ohio R. Civ. P. 13. However, the compulsory counterclaim provision of Fed. R. Civ. P. 13 is functionally equivalent.

(Ohio 8th Dist. Ct. App. 1988) (Fifth Amendment privilege against self-incrimination protects *testimony*)).) Plaintiffs further argue that Defendant North did not identify any authority that would support a stay in these circumstances. (*Id*. at PageID 59.)

As an initial matter, Plaintiffs are correct that Defendant North cited no particular authority that allows the Court to stay these proceedings. However, the power to stay proceedings is "inherent in every court" and needs no statutory basis. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Plaintiffs are also correct that the pendency of related criminal proceedings does not *require* the Court to stay this matter. *See FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). But even if it is not required to do so, the Court nevertheless *may* issue the requested stay. *Id*. ("[D]istrict courts have broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." (internal citation omitted)).

The Sixth Circuit requires district courts to consider seven factors when deciding whether to stay civil proceedings pending the resolution of a related criminal case:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; . . . 6) the public interest[; and 7)] the extent to which the defendant's fifth amendment rights are implicated.

*FTC*, 767 F.3d at 627. None of these factors is dispositive. *Id*. "[T]he most important . . . is the balance of the hardships." *Id*.

Upon consideration of these factors in this case, the Court finds that they weigh strongly in favor of imposing a stay.

As to the first factor, there is significant overlap between the factual issues in this case and the factual issues in Defendant North's state-court criminal case. While it is true that the criminal case concerns *only* Defendant North and not the remaining Defendants named in this action, it is also true that the liability of *all* the Defendants depends – at least in part – on questions of fact that are presently scheduled to be decided by an Ohio jury. (*See* Doc. No. 5, PageID 58 ("[I]t is undisputed that the counts set forth in the Indictment relate to the assaults that Defendant North [allegedly] committed against Male Child Doe at Milton-Union Elementary School.").)

As to the second factor, the criminal case is well-advanced. Defendant North was indicted more than seven months ago, and the matter is set for trial in approximately six weeks. *See* Order Continuing Trial (Nov. 15, 2023), *State v. North*, 23-CR-00179 (Miami Cnty. Ct. C.P. 2023). In these circumstances, when a defendant has already been indicted and is facing a criminal trial, a stay of the civil case "is most appropriate." *FTC*, 767 F.3d at 628. Accordingly, the procedural posture of Defendant North's criminal case weighs in favor of staying this matter.

As to the third factor, the Court finds that neither Plaintiffs nor the remaining Defendants will suffer significant prejudice if this matter is delayed pending resolution of Defendant North's criminal charges. The criminal trial is scheduled to take place in less than two months. Defendants Board of Education and Ritchey filed their answer to Plaintiffs' Complaint only one week ago. Civil discovery has not yet commenced, and

will not do so until after the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d)(1). There is no pressing reason to proceed with haste in this matter.

Moreover, with respect to the interests of the parties, the public, and the courts, it is significant that a resolution of Defendant North's criminal case may have a preclusive effect on issues that underlie Plaintiffs' civil claims. *See, e.g.*, *SEC v. LaGuardia*, 435 F. Supp. 616, 622 (S.D.N.Y. 2020) ("Staying this action could streamline the proceedings, since upon culmination of the criminal case, collateral estoppel could prevent re-litigation of issues adjudicated in the criminal matter."). As the Eastern District of New York has explained in similar circumstances:

> [i]f Defendant[] [is] convicted in the Criminal Case, a trial or extensive litigation in the Civil Action may no longer be necessary. While Defendant[] [is] presumed innocent, that presumption does not require the Court to ignore the fact that, if convicted, issue preclusion will likely bar Defendant[] from relitigating the critical issues in the Civil Action. Moreover, even if Defendant[] [is] not convicted[,] proceedings in the criminal case will no doubt be helpful in clarifying the issues between the parties and more quickly bringing the Civil Action to conclusion.

*SEC v. Kaplan*, 2023 WL 7167010, at *3 (E.D.N.Y. 2023) (cleaned up). Because the parties and the public have an interest in resolving this matter efficiently and with minimal wasted resources, "[t]he mere possibility that a substantial amount of the [C]ourt's work, if undertaken now, may shortly prove to have been unnecessary, cautions against undue haste in proceeding with this civil action." *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 57 (E.D. Penn. 1980).

Finally, despite Plaintiffs' arguments to the contrary, the Court concludes that there is a substantial risk that Defendant North's Fifth Amendment privilege will be

adversely impacted if the requested stay is not granted. Because the factual issues in both proceedings overlap significantly, discovery in this matter will likely relate to Defendant North's criminal culpability. Allowing this matter to proceed under the liberal rules of civil discovery might well circumvent the protections that Defendant North is afforded under the United States Constitution. *SEC v. Javice*, No. 23-cv-2795, 2023 WL 4073797, at *7 (S.D.N.Y. 2023). This Court agrees with other courts that have held that a stay of the civil action is necessary to safeguard those protections. *Id.* (collecting cases).

## II.   CONCLUSION

For the reasons stated, the Court finds that Defendant North's Motion for Stay (Doc. No. 1-9) is well-taken. Accordingly, that motion is **GRANTED**. This matter is **STAYED** pending the resolution of Case Number 23-CR-00179 in the Miami County Court of Common Pleas. Defendant North is **ORDERED** to inform the Court within five (5) days of any continuance of the scheduled trial, verdict or guilty plea in that case.

   **IT IS SO ORDERED**.

                             /s/ Caroline H. Gentry
                             Caroline H. Gentry
                             United States Magistrate Judge


Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F).

Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

      Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).